JACOB J. BOOKER *versus* ANSON G. STINCHFIELD.

Where, pending an action, the Court ordered that the plaintiff furnish an indorser of the writ before, or become nonsuit at, the next term, and the name of the plaintiff's attorney was put thereon as indorser, by a third person, who erroneously supposed he was authorized to do so, if the attorney afterwards prosecutes the action to trial, without informing the other party of the error, he will be considered as ratifying the indorsement, will be estopped from denying its validity, and held liable for the costs recovered against the plaintiff in that suit.

ON CASE STATED BY THE PARTIES.

The action is brought against the defendant as the indorser of a writ in favor of one Sarah Towns, against the present plaintiff, in which the defendant was the attorney of said Towns. Said action was entered at the August term in the county of Kennebec, A. D., 1855, and continued to the March term, 1856, when the Court ordered that the plaintiff furnish an indorser of the writ by the first of July then next, and, if she failed to do so, she should become nonsuit at the next term. There was also another action pending in favor of the said Towns against John Timlin & *ux.*, in which, also, the same order was entered on the docket. The defendant was her attorney in that action, also.

The defendant wrote the clerk of the Courts, from Boston, under date of June 27, 1856, as follows:—"Since leaving home, I happened to recollect that there was an order of the Court that the writs in the cases of *Sarah Towns* v. *John Timlin & ux., same* v. *Jacob J. Booker,* should be indorsed before the first of July. The first is good and we are sure of recovering; the latter, doubtful. Be sure to indorse the former, by all means. You can do so, by writing my name upon the writ, which you are hereby authorized to do, and I will ratify the same as my indorsement. * * * * Don't allow the first of July to pass without doing it."

This letter was received on the 28th of June by the clerk, who wrote the defendant's name on each of the writs as an indorser.

The action was tried at the next term, and the verdict was for the said Booker. The defendant was the counsel of said Towns, at the trial of the action, and filed exceptions, which were overruled by the full Court, and judgment ordered on the verdict. Execution for the costs of the defendant, in that action, (the plaintiff in this,) was duly issued and placed in the hands of an officer, who returned that he made search for the said Towns, and for property belonging to her wherewith to satisfy the execution, but could find neither within his precinct. And that he made a demand on A. G. Stinchfield, indorser on the original writ, to turn out, expose, and deliver to him, goods, property or money of his, wherewith to satisfy the execution and all fees, which he refused to do.

*Bradbury, Morrill & Meserve,* for plaintiff.

*Stinchfield, pro se.*

The opinion of the Court was drawn up by

MAY, J.—In the original action, Sarah Towns against the present plaintiff, the then plaintiff was ordered, at the *Nisi Prius* March Term of this Court, A. D., 1856, to furnish an indorser to her writ by the first of July then next, and, upon failure to do so, she was to become nonsuit at the next term. No reason is stated upon the docket for the making of the order, but, in the absence of any proof to the contrary, this Court will presume that the presiding Judge had legal cause therefor. The present defendant was the attorney of the plaintiff in that suit, and all the facts necessary to charge him as indorser of that writ appear in the present case, provided said writ was properly indorsed by him, or by his authority.

The defendant's name was seasonably placed upon the writ by the clerk of the Court; but his authority to place it there is now denied. The defendant's letter of June 27, 1856, does not seem to contain any such authority; but he must have well known that such indorsement had been made, and that the defendant in that suit, instead of moving for a nonsuit in pursuance of the previous order, was relying upon

the faith of it. Neither the genuineness of his signature, nor the authority of the clerk in making it, appear to have been questioned or denied by the defendant, until after the termination of the suit. The defendant, under such circumstances, must be held to have ratified or adopted the indorsement as his own. The rule of law which will not permit a party, who stands by in silence, and sees another acting to his injury, under the belief that his signature to any instrument is binding, afterward to repudiate such signature, is a sound one; and, upon the facts in this case, we think the defendant is estopped to deny the validity of the indorsement upon the original writ. *Forsyth* v. *Day & al.*, 41 Maine, 382, and same case, 46 Maine, 176. The plaintiff, therefore, is entitled to recover in this suit all the costs which were recovered by him against the plaintiff in the former action, with interest from the time of such judgment.       *Defendant defaulted.*

TENNEY, C. J., and RICE, APPLETON, CUTTING, and GOODENOW, JJ., concurred.